UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEANNA JACKSON,<br><br>                              Plaintiff,<br><br>           v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                              Defendant. | Case No. C13-1560-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Deanna Jackson[1] appeals the ALJ's written decision finding her not disabled.[2]  Ms. Jackson contends that by failing to consider the side effects of her medications on her ability to work, the ALJ erroneously found she retained the Residual Functional Capacity ("RFC") to perform her past work as an accountant and was not disabled.  Dkt. 20 at 1.  For the reasons below the Court recommends the Commissioner's final decision be **REVERSED** and the case be **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

The procedural history is not in dispute and need not be discussed.  There also is no dispute as to the ALJ's written findings at steps one through three of the five-step sequential

---

[1] Ms. Jackson is referred to as Deanna Becker in the record below.
[2] The parties agree this descision is the Commissioner's final order.

REPORT AND RECOMMENDATION - 1

evaluation process: Ms. Jackson last worked on November 17, 2010 (step one); her severe impairments include disorders of the spine and obesity (step-two); and none of these impairments meet the requirements of the Listings (step-three).  Tr. 15-16.  At issue are the ALJ's findings that Ms. Jackson had the RFC to perform the full range of sedentary work, could perform her past work as an accountant with this RFC, and that she was therefore not disabled.  Tr. 16- 18.

## DISCUSSION

Ms. Jackson contends that the ALJ erred by failing to consider the side effects of her pain medications.  Dkt. 19 at 4.  Ms. Jackson testified at the hearing conducted by the ALJ and made other statements of record that her medications made her sleepy and made it hard for her to concentrate on her work.  *See e.g.*, Tr. 34, 171, 188, 203.  The Commissioner concedes the ALJ "did not specifically mention medication side effects within his decision." Dkt. 20 at 5.

An ALJ should consider all factors that might have a significant impact on an individual's ability to work, including side effects of medications.  SSR 96-7p; *Erickson v. Shalala*, 9 F.3d 813, 817-18 (9th Cir. 1993) (citing *Varney v. Secretary of HHS*, 846 F.2d 581, 585 (9th Cir. 1987) (superseded on other grounds).  The Commissioner recognizes this requirement but argues that the ALJ had no duty to discuss Ms. Jackson's testimony about medication side effects because there is a clear "inference" and "it is logical to conclude the ALJ rejected [her testimony] based on his credibility assessment." Dkt. 20 at 5.  The argument fails.  First, the argument is speculative.  There is nothing in the record establishing the ALJ considered Ms. Jackson's side effects testimony and no basis to conclude exactly how the ALJ assessed that testimony.  The fact that the ALJ omitted discussion of the side effects testimony  indicates the ALJ overlooked the testimony, not that the ALJ intended to discount it as the Commissioner

claims. *Id.*

Second, implicit rejections are generally insufficient. *Cf. Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (mere summarization and implicit rejection of treating physician's opinion does not suffice); *McAllister v. Sullivan*, 888 F.2d 599, 602-03 (9th Cir. 1989, as amended Oct. 19, 1989) (broad and vague reasons will not suffice to support ALJ's conclusions).

Third, because the ALJ did not find Ms. Jackson was malingering, the ALJ was required to reject her side effects testimony by providing specific findings stating clear and convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Here, as the ALJ gave no reasons to reject the testimony, the ALJ failed to provide clear and convincing reasons to reject Ms. Jackson's side effects testimony, and the Court cannot determine what the ALJ found or did not find as to side effects. *Cf. Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (court cannot engage in independent fact-finding but is "constrained to review the reasons the ALJ asserts").

Fourth, the Commissioner's extensive discussion of how the ALJ properly discounted Mr. Jackson's testimony about other limitations is irrelevant. Even if the ALJ correctly evaluated the medical evidence about Ms. Jackson's pain and physical limitations, and Ms. Jackson's testimony about these limitations, the Court is still confronted with a record that shows the ALJ failed to address Ms. Jackson's testimony about the side effects of her medications. It is the ALJ's responsibility to determine credibility and weigh the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). That did not occur here, and the Court cannot in the first instance make findings regarding the side effects of Ms. Jackson's medications.

And last, under *Varney*, an ALJ may not reject a claimant's testimony about the subjective limitations of medication side effects without making specific findings similar to those

REPORT AND RECOMMENDATION - 3

required for excess pain testimony. *Varney*, 846 F.2d at 585. In *Varney*, the claimant testified about the side effects of her medications. The ALJ acknowledged Varney's testimony but did not make any findings with regards to side effects. *Id.* The Ninth Circuit Court of Appeals held:

> if the Secretary chooses to disregard a claimant's testimony as to the subjective limitations of side effects, he must support that decision with specific findings similar to those required for excess pain testimony, as long as the side effects are in fact associated with the claimant's medication(s). *Cf. Cotton*, 799 F.2d at 1407; *see also Figueroa v. Secretary of Health, Education and Welfare*, 585 F.2d 551, 554 (1st Cir. 1978) (ALJ must make finding on appellant's claim regarding side effects of medication). Because no such findings were made here, we remand the matter so that, as in the case of the pain testimony, the ALJ may either accept Varney's evidence regarding side effects or make specific findings rejecting such evidence. Again, any specific findings rejecting her testimony must be supported by the record and will be subject to further review by the courts.

*Id*. at 585-86. The *Varney* decision applies squarely to Ms. Jackson's case. As in *Varney,* although Ms. Jackson testified about her medication side effects, the ALJ committed reversible error by failing to address or give any reasons for accepting or rejecting that testimony.

The Court notes that after the *Varney* decision, the Court of Appeals for the Ninth Circuit, in an unpublished decision, held an ALJ need not address a claimant's testimony about side effects unless there is objective evidence of side effects. *See e.g. Roquemore v. Comm'r of Soc. Sec. Admin.*, 374 Fed.Appx. 693, No. 08-56894, 2010 WL 828603 at * 1 (C.A. 9, March 5, 2010) (unpublished). But because *Roquemore* is not binding precedent, and *Varney* is, the Court is constrained to review this case under *Varney*. *See United States v. Corinthian College*, 655 F.3d 984, 993 n.3 (9th Cir. 2011) (an unpublished disposition is not binding precedent).

In sum, under *Varney*, the ALJ's failure to address Ms. Jackson's testimony about the side effects of the medications is reversible error. Ms. Jackson testified that her medications made her sleepy and made it difficult for her to concentrate. This is a limitation the ALJ did not

REPORT AND RECOMMENDATION - 4

address at all. This is thus not a case in which there was but passing mention of the effects of medications which might relieve the ALJ of his obligation to address the limitation. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) ("There were passing mentions of the side effects of Mr. Osenbrock's medication in some of the medical records, but there was no evidence of side effects severe enough to interfere with Osenbrock's ability to work"). Rather, as *Varney* instructs, an ALJ may either accept a claimant's testimony regarding side effects or make specific findings rejecting such evidence. That did not occur here and thus the matter should be remanded with direction that the ALJ make specific findings as to Ms. Jackson's testimony regarding the side effects of her medications.

## CONCLUSION

The Court recommends **REVERSING** the Commissioner's final decision and **REMANDING** the case for further administrative proceedings under sentence four. On remand, the ALJ should assess Ms. Jackson's testimony about the side effects of her medications and develop the record as appropriate. Objections to this Recommendation must be filed by **April 21.** If no objections are filed, the Clerk should note the matter for **April 25, 2014**, as ready for the Court's consideration. If objections are filed, a response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed.

/

/

/

/

Objections and responses are limited to six pages.  The failure to timely object may affect the right to appeal.

DATED this 7th day of April, 2014.

                                                      BRIAN A. TSUCHIDA
                                                      United States Magistrate Judge

REPORT AND RECOMMENDATION - 6